UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEMETRIS DESHAUN JOHNSON,

        Petitioner,

v.          Case Number 11-14545-BC
        Honorable Thomas L. Ludington

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY,
AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Petitioner Demetris Deshaun Johnson, a state prisoner presently confined at Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Genesee County, Michigan of home invasion, assault, and breaking and entering a building. The trial court sentenced Petitioner to eighteen to thirty-five years in prison. Petitioner claims that the trial court incorrectly scored the Michigan sentencing guidelines and sentenced him based on inaccurate information. Respondent Lloyd Rapelje contends that Petitioner's claims are not cognizable on habeas review and, in the alternative, lack merit. Respondent's assessment of Petitioner's claims is accurate and the petition will be denied.

I.

    Petitioner was charged with breaking and entering a building and resisting and obstructing a police officer. The charges arose from the breaking into a school in Flint, Michigan on November

8, 2008, and Petitioner's subsequent attempt to flee from a police officer who was responding to a call for a breaking and entering in progress.

In an unrelated case, Petitioner was charged with first-degree home invasion, assault with intent to rob while unarmed, assault with intent to do great bodily harm less than murder, and unlawful imprisonment. These charges arose from an assault on Sonia Banner in her Flint home on April 29, 2009.

On November 13, 2009, Petitioner pleaded guilty in Genesee County Circuit Court to first-degree home invasion, Mich. Comp. Laws § 750.110a(2), assault with intent to rob while unarmed, Mich. Comp. Laws § 750.88, and breaking and entering a building, Mich. Comp. Laws § 750.110(1). In return, the prosecutor dismissed the remaining charges. There was no sentencing agreement.

The trial court sentenced Petitioner to ten to twenty years in prison for the home invasion and to a consecutive term of eight to fifteen years for the assault with intent to rob. The court sentenced Petitioner to a concurrent term of three years, two months to ten years for breaking and entering the school.

Petitioner raised his sentencing claims in a delayed application for leave to appeal. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Johnson*, No. 300156 (Mich. Ct. App. Oct. 21, 2010). On March 29, 2011, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Johnson*, 795 N.W.2d 129 (Mich. 2011) (table).

Petitioner filed his habeas corpus petition on October 17, 2011. As noted, he claims that the trial court incorrectly scored the Michigan sentencing guidelines and violated his constitutional right

to due process by relying on inaccurate information at sentencing.

II.

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, __ U.S. __, __, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state prisoners are entitled to the writ of habeas corpus only if the state court's adjudication of their claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[W]here factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1) and *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786. To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claims "was so lacking in justification" that it resulted in "an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

### III.

Petitioner claims that the trial court erred when calculating his sentencing guidelines. This claim "raises an issue of state law only. It does not implicate any federal rights." *Garcia-Dorantes v. Warren*, 769 F. Supp. 2d 1092, 1112 (E.D. Mich. 2011). And "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Therefore, Petitioner's claim that the trial court incorrectly calculated the Michigan sentencing guidelines is not cognizable on federal habeas corpus review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

The only constitutional issue is whether Petitioner's right to due process was violated as a result of being sentenced based on inaccurate information. A trial court violates the Due Process Clause of the Fourteenth Amendment when it relies on "extensively and materially false" information, which the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Stewart v. Erwin*, 503 F.3d 488, 499 (6th Cir. 2007). To obtain relief, the petitioner must show that his sentence was "founded at least in part upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 US. 443, 447 (1972).

A.

Petitioner has not filed a supporting brief, but he incorporates by reference his state appellate brief where he challenged the scoring of offense variables 7 and 8 of the Michigan sentencing guidelines. Offense variable 7 is used to assess whether the offense involved aggravated physical abuse. *See* Mich. Comp. Laws § 777.37. Petitioner was scored fifty points, which is appropriate if the victim "was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." Mich. Comp. Laws § 777.37(1)(a). Petitioner contends that his conduct was not sadistic beyond what was necessary to commit the offense and that there is no evidence to show he intended to increase the victim's fear. He maintains that he should not have been assessed any points for offense variable 7.

The victim in the home invasion case was Sonia Banner who stated at Petitioner's sentencing hearing that, when Petitioner broke into her home, she started fighting with him. She claimed that she broke her finger during the fight and was anticipating surgery on the finger to repair a tendon. She also claimed that Petitioner pulled her by the hair, choked her, and threatened to kill her if she did not give him some money. She asserted that she could not sleep in her house for an entire month after the incident due to the trauma.

The trial court stated that Petitioner's conduct may not have amounted to sadism or torture, but that it did constitute excessive brutality and was designed to substantially increase the victim's fear and anxiety. The trial court ruled that a score of fifty points was appropriate for offense variable 7.

Ms. Banner's comments at Petitioner's sentencing support the trial court's scoring of offense variable 7. The trial court, therefore, did not rely on extensively and materially false information

when scoring offense variable 7.

B.

Offense variable 8 measures victim asportation or captivity. *See* Mich. Comp. Laws § 777.38. Petitioner was assessed fifteen points, which is appropriate if the "victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." Mich. Comp. Laws § 777.38(1)(a).

Ms. Banner was attacked in her home. She was not moved to another location. The prosecutor, however, argued that Petitioner held Ms. Banner beyond the time necessary to commit the offense and dragged Ms. Banner from one room to another room in the house. The prosecutor maintained that Petitioner put Ms. Banner in greater danger by moving her to another room and placing her further away from the police who were coming to her aid during the assault. The trial court accepted the prosecutor's argument and assessed fifteen points for offense variable 8.

Although it may be a bit farfetched to conclude that Petitioner's conduct amounted to "victim asportation or captivity," Petitioner's appellate attorney conceded on direct appeal that reducing the score for offense variable 8 to zero points would not affect the sentencing guidelines. Consequently, even if Petitioner's constitutional right to due process was violated by the scoring of fifteen points for offense variable 8, the error was harmless. *See Stewart*, 503 F.3d at 501-03 & 501 n.4 and 5 (applying harmless-error analysis to an alleged constitutional error in the sentencing process).

IV.

Petitioner's constitutional claims lack merit, and his challenge to the scoring of the sentencing guidelines is not cognizable on habeas review. Therefore, the state appellate court's rejection of Petitioner's claims for "lack of merit" did not result in a decision that was contrary to

clearly established federal law, an unreasonable application of clearly established federal law, or an unreasonable application of the facts.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2).

If is further **ORDERED** that, if Petitioner appeals this decision, he may proceed *in forma pauperis* on appeal because he was permitted to proceed *in forma pauperis* in the district court and an appeal could be taken in good faith. Fed. R. App. P. 24(a)(3).

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: July 30, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Demetris Johnson, #668413, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48623 by first class U.S. mail on July 30, 2012.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS